UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SABINE ZAHN, individually and on behalf of all others similarly situated, | : : : : |
| Plaintiff, | : Civil Case No.: 1:24-cv-09271 : |
| v. | : : **CLASS ACTION COMPLAINT** |
| THE BOLIVARIAN REPUBLIC OF VENEZUELA, | : : : : |
| Defendant. | : : |

Plaintiff Sabine Zahn ("Plaintiff"), by and through her undersigned counsel, brings this proposed class action on behalf of herself and all other similarly situated persons (collectively, the "Class") against Defendant The Bolivarian Republic of Venezuela (the "Republic" or "Venezuela"), and alleges as follows:

## NATURE OF THE ACTION

1. This is a proposed class action for breach of contract arising from the Republic's failure to make certain contractually mandated payments of principal and interest on certain of the Republic's debt securities.

2. On or about January 14, 2004, the Republic issued $1,000,000,000 principal amount of 9.375% bonds maturing on January 13, 2034, under ISIN No. US922646BL74. The Republic issued another $500,000,000 principal amount of those bonds on or about December 10, 2004. Those sovereign bonds (the "BL74 Bonds") were issued pursuant to a 1998 Fiscal Agency

Agreement (as amended, the "1998 FAA," as described more fully below). They are governed by New York law and subject to the jurisdiction of this Court.[1]

3. The original maturity date of the BL74 Bonds at the times of issuance was January 13, 2034. As described below, on or about December 6, 2018, the principal repayment date of the BL74 Bonds was accelerated to that date. The terms of the BL74 Bonds prescribe semi-annual interest payment dates on January 13 and July 13. The Republic failed to repay principal on December 6, 2018; and failed to make the semi-annual interest payments on January 13, 2018, July 13, 2018, and thereafter.

4. Plaintiff will seek certification of a proposed class defined to include all holders of BL74 Bonds on December 5, 2024, who continue to hold thereafter (the "BL74 Class").

5. For their relief, Plaintiff and the other Class members seek payment of the unpaid principal and the accrued and unpaid interest on their securities, and interest thereon, as provided in the 1998 FAA and in the BL74 Bonds themselves, under New York law.

## THE PARTIES

6. Plaintiff Sabine Zahn ("Plaintiff") is a natural person who is a citizen and resident of Germany. She holds beneficial interests in, and is the beneficial owner of, $10,000 principal amount of the BL74 Bonds.[2]

7. Defendant The Bolivarian Republic of Venezuela (the "Republic" or "Venezuela") is a foreign state as defined in 28 U.S.C. § 1603.

---

[1] A true and correct copy of the 1998 FAA is available upon the Court's request.

[2] In common usage, such interests are held by investors are simply referred to as bond holdings.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1330(a), because the Republic is a foreign state pursuant to 28 U.S.C. § 1603.

9. The Republic has explicitly and unconditionally waived sovereign immunity with respect to actions arising out of or based on the securities issued pursuant to the 1998 FAA, or arising out of or based on the 1998 FAA itself, by holders of the securities issued thereunder. The Republic is not entitled to immunity under 28 U.S.C. §§ 1605-07 or under any applicable international agreement with respect to the claims asserted in this action.

10. In addition, this Court has personal jurisdiction over the Republic because the Republic regularly conducts business in New York and the Republic consented in the 1998 FAA to submit to the jurisdiction of this Court, with respect to actions by holders of securities issued under the 1998 FAA, arising out of or based on such securities, or arising out of or based on the 1998 FAA itself.

11. Venue is proper in this Court because the Republic irrevocably consented to venue with respect to actions brought in this Court in connection with the 1998 FAA or the securities pursuant to 28 U.S.C. § 1391(f)(1).

12. The Republic, as stated in the 1998 FAA, has appointed as its authorized agent to receive service of process the Consul General of the Republic or, in his or her absence or incapacity, any official of the Consulate of the Republic, located at 7 East 51st Street, New York, New York 10022. Alternatively, if service cannot otherwise be made, service of process will be achieved through the procedures described in 28 U.S.C. § 1608(a)(4).

## FACTUAL ALLEGATIONS

13. The 1998 FAA governs the BL74 Bonds. The 1998 FAA was entered into on or about August 6, 1998, among the Republic, Banco Central de Venezuela, as official financial agent

of the Republic, and BNY Mellon Global Corporate Trust (previously, The Chase Manhattan Bank), as fiscal agent. The parties entered into amendments to the 1998 FAA dated as of January 14, 2004 and September 29, 2004. The 1998 FAA and its amendments are governed by the laws of the State of New York without regard to conflict of laws principles for all matters other than Venezuela's execution and authorization of that agreement, which are governed by the laws of Venezuela.

14.     The BL74 Bonds held by Plaintiff and by members of the proposed BL74 Class are duly issued and valid unconditional obligations of the Republic.

15.     Plaintiff's holdings are summarized in the following chart. The BL74 Bonds and the 1998 FAA, as amended, provide that the Republic must repay principal on the accelerated maturity date as noted in footnote 3 below:

| ISIN No. | FAA | Maturity Date | Interest Rate | Principal Amount Held by Plaintiff |
|---|---|---|---|---|
| US922646BL74 | 1998 FAA | January 13, 2034[3] | 9.375% | $10,000.00 |

16.     The Republic failed to repay principal on December 6, 2018. The Republic has not made any such repayment since then.

17.     The Bonds and the 1998 FAA provide that the Republic must make interest payments twice a year on the dates shown in the chart below, until the principal is paid or fully provided for. The Republic failed to pay interest on January 13, 2018 and has not made interest payments since that date, as summarized in the chart below:

| ISIN No. | Semi-Annual Payment Dates | First Missed Interest Payment | Plaintiff's Current Amount of Unpaid Interest |
|---|---|---|---|

---

[3] Due to the acceleration of the BL74 Bonds, the accelerated maturity date is December 6, 2018.

| US922646BL74 | Jan. 13  
July 13 | January 13, 2018 | $6,562.50 |

18.     The Republic has failed to make the interest payments on the dates shown in the chart below:

| **ISIN No.** | **Missed Scheduled Payments** |
|---|---|
| US922646BL74 | January 13, 2018; July 13, 2018; January 13, 2019; July 13, 2019; January 13, 2020; July 13, 2020; January 13, 2021; July 13, 2021; January 13, 2022; July 13, 2022; January 13, 2023, July 13, 2023; January 13, 2024; July 13, 2024. |

19.     The terms and conditions of the BL74 Bonds provide that an "Event of Default" occurs if the Republic fails to pay interest, principal or other amounts on the Bonds when due, and such failure continues for a period of 30 days.

20.     The terms and conditions of the BL74 Bonds further provide that if an Event of Default "shall occur and be continuing" then holders of 25% or more in aggregate outstanding principal amount of the respective series may, by written demand, declare the Bonds immediately due and payable, whereupon the entire unpaid principal, and accrued and unpaid interest, becomes payable forthwith (the "Acceleration Provision").

21.     Beginning in November 2017, the Republic stopped making required interest payments on its external debt. The Republic's failure to pay interest on January 13, 2018, continued for a period of more than 30 days (indeed, the amount remains unpaid today).

22.     On or about December 6, 2018, holders of greater than 25% of the outstanding principal amount of the BL74 Bonds declared the Bonds immediately due and payable under the Acceleration Provision. pursuant to a written demand on the fiscal agent.

23.     The Republic's failure to repay principal and to make required interest payments constituted Events of Default on the BL74 Bonds under the 1998 FAA. Plaintiff's Bonds are

outstanding under the terms of the 1998 FAA. Plaintiff, as a holder and beneficial owner of the Bonds, is authorized to bring this action.

24. By reason of the foregoing, the Republic has breached its contractual obligations to Plaintiff and the Class, and the Republic is liable to Plaintiff and the Class for damages, including payment of principal and interest, in amounts to be determined by the trier of fact.

## CLASS ALLEGATIONS

25. Plaintiff brings this action on behalf of herself and on behalf of the following classes pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

26. The BL74 Class is defined as: All holders of the BL74 Bonds on December 5, 2024, who continue to hold thereafter. In this definition, the "BL74 Bonds" are investors' beneficial interests in the issuer's Global Bonds, but not the Global Bonds themselves.

27. This action is properly brought as a class action in that:

(a) The members of the BL74 Class are so numerous that joinder of all members is impracticable. Plaintiff believes the BL74 Class consists of thousands of investors.

(b) For the BL74 Class, Plaintiff's claims are typical of the claims of all members of the BL74 Class because all Bonds contain the same terms and conditions and Plaintiff and all BL74 Class members have sustained common damages arising out of the Republic's nonpayments under the 1998 FAA and on the Bonds.

(c) For the BL74 Class, Plaintiff will fairly and adequately protect the interests of the members of the BL74 Class. Plaintiff has retained competent counsel experienced in class action litigation and sovereign bond default litigation. Plaintiff does not have any interests antagonistic to those of the BL74 Class. Plaintiff seeks to recover on behalf of herself and all the BL74 Class members. The BL74 Class members may be identified from records maintained by

the clearing agents for the Bonds and their participants and brokers and may be notified of the pendency of this action through those entities and the media.

(d) A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Joinder of all members of the BL74 Class would be impracticable. Plaintiff knows of no difficulty in the management of this action that would preclude its maintenance as a class action. Section 12 of the 1998 FAA provides that all matters relating to the Bonds issued thereunder shall be governed by New York law.

(e) There are questions of law and fact common to the members of the BL74 Class. Those questions predominate over any questions that may affect only individual members in that the Republic's liability arises under the common terms of the 1998 FAA and the Bonds and the Republic's nonpayments and default similarly affect all Class members. For the BL74 Class, among the common questions are (i) whether nonpayments and an event of default have occurred under the 1998 FAA and the Bonds; (ii) whether members of the BL74 Class have sustained damages from the nonpayments and default and, if so, the measure of damages; (iii) whether the Republic is liable for breach of contract for its default and non-payments; and (iv) whether the Republic claims any defenses and, if so, whether such defenses are valid.

## COUNT I
### (Breach of Contract on the BL74 Bonds)

28. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 27 herein.

29. Plaintiff and the BL74 Class members purchased their Bonds for good and valuable consideration.

30. The BL74 Bonds were duly issued by the Republic and are valid and unconditional obligations of the Republic.

31. There exists a valid, biding and enforceable contract between Plaintiff and the BL74 Class members, as holders of the Bonds under the 1998 FAA, and the Republic, as the obligor under the 1998 FAA and the Bonds.

32. Plaintiff and the BL74 Class members have performed and complied with all terms and obligations under the contract with respect to the 1998 FAA and the Bonds.

33. The Republic has breached its contractual obligations to Plaintiff and the other BL74 Class members to make timely payments under the 1998 FAA and the Bonds as described herein. Each such contractual obligation will continue as long as the BL74 Class members continue to hold the Bonds.

34. The Republic is liable to Plaintiff and the BL74 Class members for the amounts of unpaid principal and interest to date, plus such additional amounts as they accrue, become due, and remain unpaid by the Republic, plus interest thereon.

## REQUESTS FOR RELIEF

**WHEREFORE**, Plaintiff demands orders and judgment against the Republic, as follows:

(i) Certifying the BL74 Class as set forth herein and designating Plaintiff as the Class representative and her counsel as Class counsel;

(ii) Awarding damages to Plaintiff and the other BL74 Class members holding the Bonds to compensate them for the Republic's breaches of its obligations under the 1998 FAA and the Bonds, in amounts to be determined by the Court;

(iii) Awarding Plaintiff her costs, attorney fees, expert fees, interest, costs of suit, and other reasonable compensation and reimbursement, including therein for the BL74 Class the fees, expenses, costs, and other reasonable compensation and reimbursement to BL74 Class counsel; and

(iv) Providing such other further relief as this Court shall deem just and proper.

Dated: New York, New York
December 5, 2024

**DUANE MORRIS LLP**

_____
By: Anthony J. Costantini
Email: AJCostantini@duanemorris.com

1540 Broadway
New York, NY 10036-4086
Telephone: +1 212 692 1032
Fax: +1 212 202 4715

*Attorneys for Plaintiff*